******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CHARLENE TAYLOR, COADMINISTRATOR (ESTATE OF CHARLES TAYLOR, JR.), ET AL. *v.* THADDEUS TAYLOR
## (AC 48703)

Cradle, C. J., and Elgo and Clark, Js.

*Syllabus*

The defendant appealed from the trial court's judgment of immediate posses-
sion in favor of the plaintiffs in their summary process action. The defendant
claimed, inter alia, that the court improperly denied his motion to dismiss
wherein he argued, inter alia, that the plaintiffs lacked standing because
they were not the owners of the real property. *Held*:

This court, having reviewed the record in the case and having carefully
considered the defendant's claims on appeal, concluded that those claims
had no merit.

Argued March 24—officially released May 5, 2026

*Procedural History*

Summary process action, brought to the Superior
Court in the judicial district of Hartford, Housing Ses-
sion, where the court, *Lopez, J.*, denied the defendant's
motion to dismiss; thereafter, the case was tried to the
court, *Chavey, J.*; judgment of immediate possession
for the plaintiffs, from which the defendant appealed
to this court. *Affirmed.*

*Thaddeus Taylor*, self-represented, the appellant
(defendant).

*Jared M. Alfin*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. In this summary process action with
respect to real property located at 44 Guilford Street
in Hartford, the defendant, Thaddeus Taylor, appeals
from the judgment of immediate possession rendered
by the trial court in favor of the plaintiffs, Charlene
Taylor and Elizabeth Taylor, the coadministrators of
the estate of Charles Taylor, Jr. The defendant claims
on appeal that the court improperly denied his motion to
dismiss wherein he argued, inter alia, that the plaintiffs

lacked standing because they were not the owners of the property. The defendant also claims that the court violated his constitutional rights to due process and a fair trial by not resolving his discovery issues and denying his subpoenas of witnesses and abused its discretion in denying his motion for a continuance of the trial date. We have reviewed the record in this case and have carefully considered the defendant's claims on appeal and conclude that those claims have no merit.

The judgment is affirmed.